[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10827

Non-Argument Calendar

_____

SAMUEL LEE SMITH, JR.,

Plaintiff-Appellant,

*versus*

JESUS VALDIVIA,
Police Officer,
THE CITY OF MIAMI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                    Opinion of the Court                    25-10827

D.C. Docket No. 1:24-cv-21001-RKA

_____

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Samuel Smith, Jr., filed a *pro se* notice of appeal that did not designate the order(s) he challenged. His notice of appeal was dated after the district court entered the following four orders on remand following the earlier appeal: an order restricting his ability to file new cases; an order recusing the district judge; an order denying his motion for appointment of a federal marshal as a process server; and an order instructing him of his requirements to comply with court rules. His notice, therefore, may be liberally construed as seeking to appeal from any or all of those four orders. *See* Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal."); *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (holding that *pro se* filings are liberally construed).

We lack jurisdiction over Smith's appeal because those orders are not final and appealable, as they did not end the litigation on the merits. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (providing that an appealable final order ends the litigation on the merits and leaves nothing for the court to do but execute its

judgment).  Smith's amended complaint remains pending in the district court.  Those interlocutory orders are also not effectively unreviewable on appeal from a final judgment resolving the case on the merits.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment"); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (holding that the appealability of an order under the collateral order doctrine depends on whether delaying review of that order "would imperil a substantial public interest or some particular value of a high order").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.